## SYLVESTER JOHNSON

### *v.*

## FELIX VISNUSKKI.

MORTGAGE — *mistake in description* — *rights of purchaser.* A man who owned two tracts of land, one being his homestead and the other a piece of timber, sold the timbered land, but, by mistake, conveyed the homestead. The purchaser took possession of the timbered land, and sold it to a third party, but conveyed by the description in the deed to him, being the homestead of the original owner, upon which such owner was still residing. The second purchaser executed a mortgage upon the same land conveyed to him, which mortgage contained a power of sale. After the execution of this mortgage, the mistake in the various conveyances was, for the first time, discovered. On the maturity of the mortgage debt, the mortgagee gave notice of sale under the mortgage, and, at the sale, the original owner of both tracts of land became the purchaser, and, as part of the purchase price, conveyed to the mortgagee the timber land which was originally sold and intended to be conveyed by him: *Held*, on a bill by the mortgagor to set aside the sale, that whatever might be his rights as to the timber land, he had no grounds for equitable relief as to the land sold under the mortgage.

APPEAL from the Circuit Court of Washington county; the Hon. AMOS WATTS, Judge, presiding.

Mr. B. B. SMITH, and Mr. H. H. CHESLEY, for the appellant.

Messrs. HOSMER & VERNER, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This bill was to set aside a sale made under a power contained in a mortgage, and let appellant in to redeem the premises. The circuit court dismissed the bill for want of equity, and that decision is assigned for error.

It appears that William R. Virgin was the owner of two tracts of land, each consisting of forty acres—one in section 3, timber land, and the other in section 35, prairie land, on which he resided. He sold the timber land to Patrick Ducie, but, by mistake, described the piece in section 35. There can be no controversy on this point in the case, for Ducie entered into possession of the tract he purchased, and removed the principal part of the timber. · Before the mistake in the description was discovered, Ducie sold his land to appellant, and conveyed it by the erroneous description contained in his deed. The evidence fully establishes the fact that appellant knew he was purchasing the land in section 3, and not the home farm of Virgin. It can not be claimed for him that he occupies the position of an innocent purchaser. The law made it his duty to inquire of the party in possession, what interest he claimed in the premises. Had he made the inquiry, he would have learned that Ducie neither owned nor claimed to own the land on which Virgin resided. Aside from this view, the evidence is conclusive, he was distinctly told where the land was situated. He had no reason for the belief he was buying any other than the timber piece.

Afterwards appellant executed a mortgage upon the land bought of Ducie, to appellee, Visnuskki, to secure an indebtedness of $240. The mortgage contained a power of sale. The mistake in the description was then discovered. On the maturity of the indebtedness, Visnuskki advertised the property for sale under the provisions of the mortgage. There is evidence tending to show appellant was notified of the time and place of sale.

At that sale, Virgin became the purchaser of the land described in the mortgage, for $275, but it had previously been agreed between him and Visnuskki that he could pay him the amount of the bid, except $25, by conveying to Visnuskki the land in section 3, which, in equity, belonged to appellant, which was accordingly done. It was thought by the parties, this arrangement would correct the mistake in the descriptions contained in the deeds, and bar appellant's equity of redemption

in the land bought of Ducie, which he really intended to describe in the mortgage.

Under the facts as shown by the evidence, appellant is entitled to no relief as to the land in section 35, against Virgin or anybody else. He never had even the shadow of an equitable title to it. The claim of Mrs. Virgin, the grantee of William R. Virgin, presents superior equities, and must prevail. These parties have all the time been in the open and notorious possession of the land. It constituted notice to all the world, of their rights in the premises.

Whether the equitable title of appellant to the land in section 3 was foreclosed by the sale under the mortgage, is a question not before us, and about which we express no opinion.

It is decisive of this case, that appellant has shown no grounds for equitable relief, so far as the land in section 35 is concerned. He has asserted claim to no other in his bill; hence it was properly dismissed, and the decree is affirmed.

*Decree affirmed.*